(No. 23009.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS TOPOLSKI, Plaintiff in Error.

*Opinion filed June 14, 1935.*

LIBONATI, MUNIZZO & CEFFALIO, (ROLAND V. LIBONATI, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was in the criminal court of Cook county found guilty of the larceny of a motor vehicle. The hearing was by the court without a jury. He seeks reversal of the judgment entered in accordance with that finding.

On August 30, 1934, the automobile of the complaining witness, Joseph Smith, was stolen, and on September 19 following it was found in plaintiff in error's possession. These facts are not denied. Plaintiff in error, Topolski, was arrested and taken to the police station. Police officer James Dunn testified on behalf of the People that he saw Topolski when he was brought to the police station on September 20, 1934; that he talked with him about the stolen car; that Topolski stated that he had purchased the car two years previously and showed him a bill of sale, which he said was for this car, which he had procured by trading another make of car and $40 in money. Dunn testified that Topolski also showed him two letters from the Secretary of State dated June 28, 1933, and July 25, 1933, concerning installing a new motor block to replace one that was cracked. This witness testified that he thereafter took Topolski to the State's attorney's office and in the presence of the assistant State's attorney stated that he desired time to check up on Topolski's statement; that he went that day to see the car which was alleged to have been stolen; that he discovered and checked the secret motor number on the car and that it corresponded to the motor number of Smith's car; that the next day he returned to the State's attorney's office with Topolski and in the latter's presence told the State's attorney of his discovery of the secret number on the car. He stated that Topolski then said, "I might as well tell you the truth," and that he then and there told the witness and the assistant State's attorney that he had

stolen the car on Thirty-ninth street, west of Western avenue, and took it to his garage and changed the motors.

Plaintiff in error testified in his own behalf, denying the theft of the automobile and stated that the automobile in his possession was one acquired by purchase; that he had seen it on the street with a "For sale" sign on it; that he bought it for the sum of $60, paying $20 down, the remaining portion to be paid at the end of the month, and that the man who had the car drove him home in it, got $20 in money and gave him a receipt therefor. He stated that the receipt was signed "Tony Radski." He also testified that the man did not give his address but said he would be back in three weeks, but that as he, Topolski, was in jail he did not know whether the man had returned or not. He testified that his statement made in the State's attorney's office was the result of his having been beaten and abused by officer Dunn. Dunn was recalled and denied that he had ever struck Topolski or abused him in any way or threatened him. No motion was made at the time of Dunn's testimony in chief seeking inquiry into whether Topolski's statement was voluntary. The question of the truth of Topolski's statement or officer Dunn's was for the court. No reason is advanced in argument why, if Topolski was abused and mistreated at the police station and thereby induced to consent to make a statement, such statement was not taken at the police station instead of at the State's attorney's office.

Topolski's sister-in-law, Anna Rafac, testified in corroboration of his statement as to paying $20 on the purchase of the car. She stated that about September 7 she saw her sister, Topolski's wife, give him $20, and saw the latter give it to a man who came into the house with him after getting out of an automobile in front of the house, and that the automobile was left there. The guilt or innocence of plaintiff in error was a question for the

court, and we see no reason for disturbing the court's finding in that regard.

Plaintiff in error's counsel also argue that the court erred in admitting improper testimony over their objection. That objection concerned the statement of officer Dunn that Topolski, in the presence of the assistant State's attorney, said, "I might as well tell the truth." The abstract at this point shows an objection by counsel for Topolski. The court remarked that the witness' testimony showed the statement to have been voluntarily made by Topolski, to which counsel for the latter replied, "We do not know whether it is voluntary or not." The court ruled that the matter was one for cross-examination. Up to this point in Dunn's testimony there had been no suggestion that Topolski had been abused. As we have indicated, no motion was made to suppress evidence with reference to a statement made by him. The witness related the conversation with Topolski occurring at the State's attorney's office. Dunn also testified that Topolski stated that he stole the car on Thirty-ninth street, just west of Western avenue. No objection appears to have been made to this testimony. We are of the opinion that the evidence shows that when Topolski, who had stated that he purchased the car in question two years before and had turned over to the officer certain papers as descriptive of this car, was at the State's attorney's office confronted with the fact that the officer had discovered by means of a secret number that it was the stolen car, he decided it was useless to further deny the theft.

We are of the opinion that the evidence of Topolski's admission, together with the fact of the theft of the car and its later recovery from his possession, shows that the finding of guilty is not against the weight of the evidence.

The record is free from prejudicial error, and the judgment is affirmed.

*Judgment affirmed.*